C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  UNITED STATES OF AMERICA,                    :
                                               :
                                               :    **MEMORANDUM DECISION**
                                               :    **AND ORDER**
                                               :
                  - against -                  :
                                               :    23-cr-118 (BMC)
  RASHAWNEE GRAY,                               :
                                               :
                       Defendant.              :
-----------------------------------------------------------------X

**COGAN**, District Judge.

The Court has received a heartfelt letter from defendant requesting the Court to consider

"granting me a pardon or supporting my release." However, "[a] court may not modify a term of

imprisonment once it has been imposed except pursuant to statute.'" United States v. Alvarez,

No. 89-cr-0229, 2020 WL 4904586, at *1 (E.D.N.Y. Aug. 20, 2020) (quoting United States v.

Rabuffo, No. 16-cr-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020)). An incarcerated

defendant may file a compassionate release motion to request a sentence modification, 18 U.S.C.

§ 3582(c)(1)(A), and the Court construes defendant's letter to constitute a motion for

compassionate release.

However, defendant has not met any of the requirements for such relief. First, he must

show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." Id. A "defendant's

failure to exhaust administrative remedies is a threshold matter preventing the Court from

considering a Section 3582 application." Alvarez, 2020 WL 4904586, at *2. There is no mention

in defendant's letter that he has attempted to persuade the Bureau of Prisons to bring a motion for compassionate release on his behalf, which means he has not exhausted his administrative remedies. That alone precludes this Court from granting him relief.

Even if he had exhausted his administrative remedies, however, he has not satisfied the other two requirements for a reduced sentence. He would first have to show that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In attempting to make that showing, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Defendant has not shown anything that is "extraordinary and compelling." He states that he has completed rehabilitation programs; has been separated from his wife and his parents, "both of whom are in declining health conditions"; that he is is mother's only son; and that he and his family have faced "financial struggles, health challenges, [and] emotional strain." None of these are extraordinary and compelling. Most of them were expressly considered at sentencing, and the others are hardships that many if not most prisoners undergo.

But even if defendant had shown extraordinary and compelling reasons for compassionate release, he has not met the third requirement for that relief. That requires a court to consider the sentencing factors under 18 U.S.C. § 3553(a) – the same factors that the Court considered at sentencing. Only if there are material changes in the application of those factors, or the law has changed, would a defendant then be entitled to compassionate release.

There is no such showing in defendant's letter. The driving factor in the Court's decision to impose a bottom-of-the-guidelines 37 month sentence was that this was not a single incident of drug dealing, but all of the circumstantial evidence pointed to the conclusion that defendant had a substantial involvement in the illegal drug business. The factors under 18 U.S.C. §

3553(a), including the nature and circumstances of the offense, the history and characteristics of defendant, the need for general and specific deterrence and to impose a sentence that would justify respect for the law, are just as present now as they were then.  In addition, the Court notes that defendant has served less than one year of his bottom-of-the-guidelines 37-month sentence. "Release at this relatively early stage would not reflect the seriousness of Defendant's conduct, nor would it promote the need for deterrence." United States v. Patel, No. 24-cr-99, 2025 WL 674344 (S.D.N.Y. March 3, 2025).

Since defendant has met none of the requirements for compassionate release, his motion is denied.

**SO ORDERED.**

_Brian M. Cogan_
_____
U.S.D.J.

Dated: Brooklyn, New York
        August 2, 2025

3